UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BENG SOON LIM,

                Plaintiff,                               **MEMORANDUM & ORDER**
    -v.-                                                       08-CV-3505 (DRH)(WDW)

HARVEST INTERNATIONAL REALTY,
INC. d/b/a HARVEST INTERNATIONAL,
CHARLES G. CHAN and DAPHNE S.
ZHOU-CHAN,

                Defendants.
----------------------------------------------------------------X

**Appearances:**

**For Plaintiff:**
**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue
Mineola, New York 11501
By: Richard M. Howard, Esq.

**For Defendants:**
**WEINBERG, GROSS & PERGAMENT, LLP**
400 Garden City Plaza, Suite 403
Garden City, New York 11530
By: Harvey Weinberg, Esq.

**HURLEY, Senior District Judge**:

        Plaintiff Beng Soon Lim ("Plaintiff" or "Lim") brought this action against defendants Harvest International Realty, Inc. d/b/a Harvest International ("Harvest"), Charles G. Chan, and Daphne S. Zhou-Chan (collectively "Defendants") seeking to recover wages and/or commissions allegedly earned while in the employ of Defendants pursuant to the New York Labor Law. In addition, Plaintiff seeks statutory damages, attorney's fees, and costs related thereto. Presently before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule")12(b)(6).

For the reasons that follow, the Court (1) declines to convert Defendants' Rule 12(b)(6) motion to a motion for summary judgment pursuant to Rule 56, (2) grants Defendants' Rule 12(b)(6) motion, and (3) grants Plaintiff's application for leave to amend the pleading.

## BACKGROUND

### I. Factual Background

The following facts are drawn from the complaint and are presumed true for purposes of this motion.

Plaintiff is a real estate salesperson, duly licensed by the State of New York Department of State, Division of Licensing Services ("New York State"). (Compl. ¶ 2.) Defendant Harvest is a real estate broker, licensed by New York State pursuant to Article 12A of New York Real Property Law. (*Id*. ¶ 7.) Defendants Charles G. Chan, and Daphne S. Zhou-Chan are shareholders and principals of Harvest. (*Id*. ¶¶ 10-12.)

In July 2006, Plaintiff commenced a business association with the real estate brokerage practice of Harvest pursuant to a "Real Estate Agency Contract - Sales Associate Agreement" (the "Agreement") he entered with Defendants. (*Id*. ¶¶ 7, 13-15, 17, 23.) Pursuant to the terms of the Agreement, Defendants agreed to pay Plaintiff a commission for any sale or rental of any real property made or originated by Plaintiff. (*Id*. ¶¶ 23-24.)

During his employment with Harvest, Plaintiff alleges he procured the sale of two real properties, one located at 259 Meserole Street, Brooklyn, New York (the "Meserole Property"), and the other located at 1101-1107 Metropolitan Avenue, Brooklyn, New York (the "Metropolitan Property"). (*Id*. ¶¶ 26-27, 41.) In addition, Plaintiff asserts he procured a tenant for a rental of the premises located at 42-64 81st Street, Elmhurst, New York (the "Elmhurst

Property") for Defendants. (*Id*. ¶ 45.) Defendants did not pay Plaintiff any commissions and/or wages in connection with the three transactions. (*Id*. ¶¶ 28-32, 42-43, 46-50.)

In August 2007, Plaintiff terminated his business relationship with Harvest. (*Id*. ¶ 18.)

## II. Procedural Background

Plaintiff commenced the instant action on August 27, 2008, asserting three claims under the New York State Labor Law §§ 190 et seq. First, Plaintiff seeks wages and/or commissions owed in connection with the sales of the Meserole Property and the Metropolitan Property. Next, he seeks wages and/or commissions owed in connection with the lease of the Elmhurst Property. Finally, Plaintiff seeks statutory damages, attorney's fees and costs. Defendants now move by the instant motion to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

# DISCUSSION

## I. Motion to Dismiss: Legal Standards

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550

U.S. at 562. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual assumptions." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility

and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court generally may only consider facts stated in the complaint or "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007); *Gillingham v. GEICO Direct*, 2008 WL 189671, at *2 (E.D.N.Y. Jan. 18, 2008) (same). A document not appended to the complaint may be considered if the document is "incorporated [in the complaint] by reference" or is a document "upon which [the complaint] *solely* relies and . . . is *integral to the complaint*." *Roth,* 489 F.3d at 509 (quoting *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991)) (emphasis in the original).

A district court may also "rely on matters of public record in deciding a motion to dismiss under [R]ule 12(b)(6)." *Parks v. Town of Greenburgh*, No. 07-5617, 2009 WL 2628516, at *2 (2d Cir. Aug. 27, 2009); *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)"); *see Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004). Finally, in certain circumstances "when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] . . . which is integral to the complaint, the defendant may produce [it] when attacking the complaint for its failure to state a claim, because plaintiff should not be allowed to escape the consequences of its own failure." *Cortec Indus.,* 949 F.2d at 47.

## II. *Additional Materials Submitted By Counsel*

The parties have presented to the Court additional materials relative to the merits

of Plaintiff's claims, some of which are incorporated in the Complaint by reference, are documents upon which Plaintiff solely relied in bringing this action and are integral to the Complaint, or are matters of public record, and some of which are matters outside the pleadings.[1]

Defendants have submitted (1) a copy of the signed Agreement between Plaintiff and Defendant Harvest, which although referenced in the Complaint was not attached to the Complaint; (2) a copy of an e-mail message delivered by Plaintiff to Defendant Harvest concerning Plaintiff's termination of his business relationship; (3) a copy of the deed filed with the Kings County Clerk with respect to the sale of the Meserole Property; (4) a copy of the deed filed with the Kings County Clerk with respect to the sale of the Metropolitan Property; and (5) a copy of the lease for the Elmhurst Property. (Weinberg Aff., dated January 30, 2009, Exs. B, C, D, E, F.) Plaintiff has submitted an opposing affidavit and exhibits annexed thereto, which include (1) a closing statement concerning the purchase of the Metropolitan Property; (2) a copy of the signed Agreement between Plaintiff and Defendant Harvest; (3) a copy of a letter dated March 30, 2007 concerning the Metropolitan Property; and (4) a copy of the agreement of sale

---

[1] The Second Circuit has made clear that "[w]hen matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting materials." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted); *see Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (same). A district court, however, "is not obliged to convert a 12(b)(6) motion to one for summary judgment in every case in which a defendant seeks to rely on matters outside the complaint in support of a 12(b)(6) motion; it may, at its discretion, exclude the extraneous material and construe the motion as one under Rule 12(b)(6)." *United States v. International Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 450-51 (E.D.N.Y. 2007) (citing *Friedl*, 210 F.3d at 83); *see Rice v. Kawasaki Heavy Indus., Ltd.*, 2008 WL 4646184, at *2-3 (E.D.N.Y. Oct. 17, 2008) (same); *Axelrod v. Flannery III*, 476 F. Supp. 2d 188, 202 (D. Conn. 2007) (same). At this stage in the litigation, the Court declines to convert Defendants' Rule 12(b)(6) motion into one for summary judgment given that discovery has not been completed and an Answer has not been filed.

and purchase for the Metropolitan Property. (Lim Aff., dated February 29, 2009, Exs. A, B, C, D.)

For purposes of deciding the instant motion to dismiss, the Court finds that the following documents which include: Exhibits B (the Agreement), D (the publicly filed deed to the Meserole Property), E (the publicly filed deed to the Metropolitan Property) and F (the lease for the Elmhurst Property) appended to the Affirmation of Harvey Weinberg, dated January 30, 2009, and Exhibit B (the Agreement) appended to the Affidavit of Beng Soom Lim, dated February 29, 2009, are either incorporated by reference in Plaintiff's Complaint, are documents upon which Plaintiff solely relied in bringing this action and are integral to the Complaint, or are matters of public record. *See, e.g., Chapman v. New York State Div. for Youth*, 546 F.3d 230, 234 (2d Cir. 2008) (holding "[o]ur review is limited to undisputed documents, such as a written contract attached to, or incorporated by reference in the complaint"); *Parks*, No. 07-5617, 2009 WL 2628516, at *2. Accordingly, in addition to the Complaint, these documents will be considered in deciding the motion to dismiss.

For purposes of deciding this motion, however, the following documents are excluded from the Court's consideration of the motion: Exhibit C appended to the Affirmation of Harvey Weinberg, dated January 30, 2009; the Opposing Affidavit of Beng Soom Lim, dated February 29, 2009; and Exhibits A, C, and D appended to the Affidavit of Beng Soom Lim, dated February 29, 2009. These exhibits and Affidavit are not incorporated in the Complaint by reference, are not documents upon which the Plaintiff solely relied in bringing this action and are integral to the Complaint, and are not matters of public record. *See Roth,* 489 F.3d at 509; *see also Cyril v. Neighborhood P'ship II Hous. Dev. Fund,* 124 Fed. Appx. 26, 27 (2d Cir. 2005)

(noting that the consideration of an affidavit in ruling on a motion to dismiss would have been improper).

### III. *The New York Labor Law*

Article 6 of the New York Labor Law regulates the payment of wages by employers to employees. *Patcher v. Bernard Hodes Group, Inc.*, 10 N.Y. 3d 609, 614 (2008); N.Y. Labor Law § 190 et seq; *see also Lauria v. Heffernan*, 607 F. Supp. 2d 403, 407 (E.D.N.Y. 2009). Each of Plaintiff's substantive claims is predicated on New York Labor Law §§ 190 and 191, and Plaintiff's claim for statutory damages, attorney's fees, and costs is predicated on New York Labor Law § 198.

In order to prevail on a claim pursuant to Article 6, "a plaintiff must first demonstrate that he or she is an employee entitled to its protections." *Bierer v. Glaze, Inc.,* 2006 WL 2882569, at *9 (E.D.N.Y. Oct. 6, 2006) (quoting *Bhanti v. Brookhaven Mem'l Hosp. Med. Ctr., Inc.*, 260 A.D.2d 334, 335, 687 N.Y.S.2d 667 (2d Dep't 1999)); *Lauria*, 607 F. Supp. 2d at 407 (same); N.Y. Labor Law § 190(2).

Section 190 of the Labor Law sets forth definitions that apply specifically and exclusively to Article 6. Subsection 190(2) defines an "employee" as "any person employed for hire by an employer in any employment." N.Y. Labor Law § 190(2). Subsection 190(3) in turn defines an "employer" to "include[] any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business, or service." *Id.* § 190(3). Section 190 thereafter defines four specific subcategories of employees to which the various provisions of Article 6 apply: "manual worker," "railroad worker," "commission salesman," and "clerical or other worker." *Id.* §§ 190(4)-(7). In the instant matter, Plaintiff

contends that he is a commission salesman as defined by the Labor Law.

A "commission salesman" is defined as "any employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions." *Id.* § 190(6). It does "not include an employee whose principal activity is of a supervisory, managerial, executive or administrative nature." *Id.*

Pursuant to Section 191(1)(c), a commission salesman is to be paid in accordance with the agreed terms of employment. Specifically, Section 191, entitled "Frequency of payments" provides in pertinent part, that:

> 1. Every employer shall pay wages in accordance with the following provisions: . . .
>
> (c) Commission salesman. — A commission salesman shall be paid the wages, salary, drawing account, commissions and all other monies earned or payable in accordance with the agreed terms of employment, but not less frequently than once each month and not later than the last day of the month following the month in which they are earned; provided, however, that if monthly or more frequent payment of wages, salary, drawing accounts or commissions are substantial, then additional compensation earned, including but not limited to extra or incentive earnings, bonuses and special payments, may be paid less frequently than once in each month, but in no event later than the time provided in the employment agreement or compensation plan. The employer shall furnish a commission salesman upon written request, a statement of earnings paid or due and unpaid. The agreed terms of employment shall be reduced to writing, signed by both the employer and the commission salesperson, kept on file by the employer for a period not less than three years and made available to the commissioner upon request. Such writing shall include a description of how wages, salary, drawing account, commissions and all other monies earned and payable shall be calculated. Where the writing

> provides for a recoverable draw, the frequency of
> reconciliation shall be included. Such writing shall also
> provide details pertinent to payment of wages, salary,
> drawing account, commissions and all other monies earned
> and payable in the case of termination of employment by
> either party. The failure of an employer to produce such
> written terms of employment, upon request of the
> commissioner, shall give rise to a presumption that the
> terms of employment that the commissioned salesperson
> has presented are the agreed terms of employment.

*Id.* § 191(1)(c).

Further, Section 191-c specifies when earned sales commissions are to be paid when a contract between a principal and sales representative is terminated and provides for double damages, attorney's fees and costs to a prevailing sales representative when commissions are not timely paid. *Id.* § 190-c.

Finally, while Section 198 does not in itself provide substantive rights for an employee, it does provide remedies for substantive violations of other provisions set forth in Article 6 of the New York Labor Law. In pertinent part, Section 198 provides:

> 1-a.  In any action instituted upon a wage claim by an employee
> or the commissioner in which the employee prevails, the
> court shall allow such employee reasonable attorney's fees
> and, upon a finding that the employer's failure to pay the
> wage required by this article was willful, an additional
> amount as liquidated damages equal to twenty-five percent
> of the total amount of the wages found due.

### *(A)  Plaintiff Fails to State a Claim Under the New York Labor Law*

As noted, Plaintiff seeks to recover commissions under the New York Labor Law allegedly earned but not paid in connection with (i) the sale of the Metropolitan Property; (ii) the sale of the Meserole Property; and (iii) the rental of the Elmhurst Property. In addition, he seeks

statutory damages, attorney's fees, and costs for Defendants' alleged failure to pay the commissions.

Defendants seek dismissal of the New York Labor Law claims contending that because the business transactions that form the basis for the allegations in the Complaint closed after Plaintiff terminated his employment with Harvest, Plaintiff no longer had a business relationship with Harvest at the time of the closings and therefore was no longer an "employee" entitled to the protections of New York Labor Law §§ 190 et seq. to recover any wages or commissions from Harvest. The Court agrees.

Resolution of Plaintiff's claims for commissions and/or wages under the New York Labor Law turns on whether Plaintiff was an "employee" or a "commission salesman" at the time the respective transactions were consummated and Harvest received its commissions.[2]

---

[2]To the extent that Plaintiff suggests that he earned his commissions when he had produced a person ready, willing and able to buy and/or lease the properties at issue, the Agreement between the parties indicates otherwise. *See Srour v. Dwelling Quest Corp.,* 5 N.Y.3d 874, 875 (2005) ("Although the common-law rule is that a broker who produces a person ready and willing to enter into a contract upon his employer's terms . . . has earned his commissions, the parties are free to add whatever conditions they may wish to their agreement") (internal quotation marks and citation omitted); *see Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 617 (2008) (observing that although under common law, "a broker who produces a person ready and willing to enter into a contract upon his employer's terms . . . has earned his commissions," "it is well settled that parties to a transaction are free to depart from the common law by entering into a different arrangement). Pursuant to the Agreement, the Broker and Agent agreed to a Commission split wherein "[t]he commission split level is based on the performance of the previous 12-month calendar year from the date Agent signed up with Broker, on gross commission revenue generated and closed and monies received by Broker through Agent." (Lim Aff., dated February 29, 2009, Ex. B, ¶ 1; Weinberg Aff., dated January 30, 2009, Ex. B, ¶ 1.) Paragraph 9 of the Agreement, entitled "Commission Payments to Agent," states that "[a]ll commission earnings by Agent are to be paid out to Agent within five (5) business days from the date clients' commission payments are received, deposited and cleared in bank and have become available for disbursement and use." (Id. at ¶ 9.) Thus, according to the Agreement, the commission is earned once the deal actually closes and the Broker receives its commission payments. Once the payments have been deposited and cleared in the bank, Defendants are to pay Plaintiff the agreed commissions and/or wages from that transaction. The Court has

-11-

*Cf. Lauria*, 607 F. Supp. 2d at 407 ("In order to prevail on a claim under Article 6, a plaintiff must first demonstrate that he or she is an employee entitled to its protections."); *Soviero v. Carroll Group Int'l*, 813 N.Y.S.2d 49 (1st Dep't 2006) (holding that after her termination, a former sales agent was no longer an "employee" or a "commission salesman" for a real estate brokerage firm as would entitle her to wages or commissions under the New York Labor Law).

With respect to the Meserole Property, the publicly recorded deed of the premises indicates that the transaction was consummated on February 27, 2008. (Weinberg Aff., dated January 30, 2009, Ex. D.) With regard to the Metropolitan Property, the publicly recorded deed of the premises indicates that the transaction was closed on May 22, 2008. (*Id.*, Ex. E.) Plaintiff's business relationship with Harvest terminated in August 2007. (Compl. ¶ 18.) As such, Plaintiff was no longer an "employee" or a "commission salesman" with Harvest at the time of the closings for the sale of these two properties. *Soviero*, 813 N.Y.S.2d at 49 ("Plaintiff was no longer an 'employee' [Labor Law § 190 [2]] or a 'commission salesman' [§ 190[6]] of the brokerage firm after her termination, such as would entitle her to wages or a commission [§ 190 [1], § 191[1][c]"). Consequently, the failure of Plaintiff to establish that he was an employee or a commission salesman with Harvest at the time the sale of these two properties were consummated necessarily precludes a statutory claim under the New York Labor Law.

Likewise, Plaintiff's claim under the New York Labor Law for a commission from Defendants for the rental of the Elmhurst Property is unavailing. A copy of the lease for the Elmhurst Property indicates that the Agreement of Lease was signed on September 4, 2007. (Weinberg Aff., dated January 30, 2009, Ex. F.) Inasmuch as Plaintiff was no longer an

---

reviewed the cases Plaintiff has proffered as well and none suggest a contrary conclusion.

"employee" or a "commission salesman" with Harvest at the time the lease was consummated, he cannot rely on the Labor Law to recover wages and/or commissions in connection with this transaction. *Id.* Plaintiff's claims under Section 191 are therefore dismissed.

Finally, Plaintiff claims that he is entitled to statutory damages, attorney's fees, and costs pursuant to Section 198 of the Labor Law for the alleged violations of Section 191. Section 198, however, requires that in order to recover under this provision, Plaintiff must have asserted a valid claim "founded on the substantive provisions of Labor Law [A]rticle 6." *See Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457, 464 (1993). Inasmuch as Plaintiff's Section 191 claims fail, his cause of action under Section 198 must also be dismissed.

Accordingly, Defendants' motion to dismiss the Complaint is granted.

### (B). *Plaintiff Fails to State a Breach of Contract Claim Under the New York Labor Law*

Plaintiff contends for the first time in the Memorandum of Law in Opposition that the Complaint "adequately sets forth cognizable claims for Defendants' breach of the written agreement and for all remedies attributable thereto, including those flowing from New York Labor Law." (Pl.'s Mem. In Opp., at 5-6.)

A review of the Complaint reveals that Plaintiff has asserted causes of action for wages and/or commissions, statutory damages, attorney's fees and costs for violations under the New York Labor Law. The Complaint, however, does not set forth a breach of contract cause of action.

"To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco*

*Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir.1996); *see Isik Jewelry v. Mars Media, Inc.,* 418 F. Supp. 2d 112, 127 (E.D.N.Y. 2005); *Sudano v. Nayci Contracting Assocs., LLC*, No. 10618/07, 2008 WL 2719591, at *4 (N.Y. Sup. July 3, 2008). Although it is not necessary for each factor to be pleaded individually, "a claim that fails to allege facts sufficient to show that an enforceable contract existed between the parties is subject to dismissal." *Berman v. Sugo LLC,* 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (internal quotation marks and citations omitted). "Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." *Id.*

Plaintiff's attempt to merge the breach of contract claim with the asserted New York Labor Law violations as part and parcel of one cause of action is insufficient to set forth a viable claim for breach of contract. *See, e.g., Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 171 (2d Cir. 1998) (denying salesman his belated request for leave to amend his complaint to assert a breach of contract claim after losing on his claim for commissions under the New York Labor Law where he failed to request leave to amend to assert the contract claim before the district court, even after the first jury had rejected his labor law claim); *Winter-Wolff Int'l, Inc. v. Alcan Packaging Food & Tobacco, Inc.*, 499 F. Supp. 2d 233, 238-44 (E.D.N.Y. 2007) (asserting separate causes of action for breach of contract and violations of the New York Labor Law); *Soviero*, 813 N.Y.S.2d at 49 (same). Accordingly, the Complaint fails to set forth sufficient allegations of a breach of contract claim against Defendants pursuant to the minimal pleading requirements of Rule 8, and Plaintiff's attempt to assert a breach of contract claim in his opposition papers is unavailing.

### IV. *Leave to Amend the Complaint is Granted*

Plaintiff requests leave to amend the Complaint in the event the Court finds the pleading deficient. (Pl.'s Mem. of Law in Opp., at 2, 6.) Defendants do not oppose the request. (Defs.' Reply Mem. of Law.)

To the extent that Plaintiff seeks to recover commissions for the period following the termination of his employment with Defendants, he seemingly would only be entitled to receive such wages and/or commissions, if at all, pursuant to the provisions set forth in the written Agreement between the parties which governs the terms of Plaintiff's compensation. *See Swits v. New York Sys. Exhc.*, 722 N.Y.S.2d 300 (3d Dep't 2001) (holding as a general rule that "[a]n at-will sales representative is entitled to post-discharge commissions only if the parties' agreement expressly provided for such compensation") (internal quotation marks and citation omitted); *Firtell v. Update, Inc.*, 851 N.Y.S.2d 57 (Sup. Ct. N.Y.Cty 2007) (same).

Accordingly, because the Court cannot determine whether future pleading of a breach of contract claim would be futile, leave to file an amended complaint is granted. The Court directs that such amendment separately detail the allegations as to each Defendant and allege specific facts in support of the claims.

## *CONCLUSION*

For the foregoing reasons, Defendants' motion to dismiss the Complaint against it is GRANTED. Plaintiff may serve and file an amended complaint consistent with the Court's decision within thirty (30) days of the date of this order. Failure to file an amended complaint within thirty days will result in dismissal of the action against Defendants with prejudice. Failure to address the pleading concerns enunciated in this order may result in dismissal of the action against Defendants with prejudice.

**SO ORDERED.**

Dated: Central Islip, N.Y.
       November 23, 2009

/s
Denis R. Hurley,
United States District Judge